## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHAEL D. VISBECK,**<br>　　　　**Plaintiff** | )<br>)<br>) |
| **v.** | )　**Civil No.**<br>) |
| **WELLS FARGO BANK, N.A., d/b/a**<br>**Wells Fargo Home Mortgage, and**<br>**WELLS FARGO HOME MORTGAGE,**<br>**INC., d/b/a Wells Fargo Home Mortgage,**<br>　　　**Defendants** | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff brings this action to recover damages resulting from defendants' wrongful foreclosure of his former residence in Dracut, Massachusetts.

### Parties

1. Plaintiff Michael D. Visbeck is an individual who at all times relevant to this complaint resided in Dracut, Middlesex County, Massachusetts.

2. Defendant Wells Fargo Bank, N.A. is a national banking association with a principal place of business in San Francisco, California, which on information and belief owns and operates a mortgage servicing business under the name Wells Fargo Home Mortgage.

3. Defendant Wells Fargo Home Mortgage, Inc., is a corporation organized under the laws of the State of California with a principal place of business in Des Moines, Iowa, which also operates as Wells Fargo Home Mortgage.

4. In this complaint, and until the inter-relationship of defendants is clarified, use of the term "WFHM" in this complaint shall refer to either defendant or both defendants.

**Jurisdiction and Venue**

5.  This Court has jurisdiction over this action under 15 U.S.C. §1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(a), as both defendants reside in this district and a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this district.

**Factual Allegations**

7.  Plaintiff owned real estate located at 1336 Merrimack Avenue, Dracut, Massachusetts. On December 19, 2005, he re-financed said property by obtaining a new first mortgage from The Cambridge Mortgage Group, Inc. in the principal amount of $225,000.  The mortgagee in said transaction was listed as Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender.

8.  On or about February 1, 2006, the servicing of said mortgage was transferred by The Cambridge Mortgage Group, Inc. to Washington Mutual Bank ("WAMU").

9.  In 2006, plaintiff became delinquent on mortgage payments due to a variety of circumstances, including loss of employment and divorce.  By letter dated November 10, 2006, he was notified by WAMU's attorneys that the note was accelerated and that foreclosure proceedings were in process.  A second letter dated January 4, 2007, notified plaintiff that a foreclosure sale would be held on January 31, 2007.

10.  Shortly thereafter plaintiff requested that WAMU consider entering into a forbearance agreement to enable him to avoid foreclosure.  To this end, plaintiff submitted a financial worksheet to WAMU and a forbearance agreement dated February 8, 2007 was subsequently forwarded to plaintiff.

11. The forbearance agreement stated that "[a] 60 – day Special Forbearance Plan has been approved on your loan," during which "you will not be required to make your regular monthly payment." As conditions for the forbearance, the agreement called for plaintiff to pay WAMU $6,000 by February 12, 2007, and an additional $1,773.43 by March 12, 2007. It further stated that plaintiff "must contact Wells Fargo's office . . . by April 1, 2007 to discuss other loss mitigation options," and that "the foreclosure sale will not be held as long as you abide by this agreement." Plaintiff executed this document and returned it to WAMU. He then wired the sum of $6,000 to WAMU by February 12 in 2 transmissions - $5,000 on February 10 and $1,000 on February 11.

12. On information and belief, at the time WAMU forwarded the forbearance agreement to plaintiff it had already arranged to transfer servicing of the loan to WFHM, to occur shortly after February 8, 2007.

13. Plaintiff received a letter from WFHM dated February 24, 2007. This letter stated in part: "You were previously notified that Wells Fargo Home Mortgage acquired the servicing of your loan; therefore, Wells Fargo Home Mortgage became your creditor effective February 16 2007." The letter proceeded to set forth the amounts allegedly past-due on the loan. The amounts noted a credit in the amount of $5,000 with the description: "[f]unds not yet applied to your unpaid principal balance."

14. Plaintiff received a letter from WFHM dated March 8, 2007. Said letter bore the heading "Stipulated Partial Reinstatement/Repayment Agreement." It indicated that in order to avoid foreclosure plaintiff would need to pay the sum of $1,773.43 by March 12, 2007 and the sum of $10,087.41 by April 1, 2007, and also instructed plaintiff to sign and return the letter indicating acceptance of these terms. The letter made no mention of the

3

February 8 agreement, did not explain why plaintiff was being asked to sign a second agreement, and did not explain the demand for payment of $10,087.41 by April 1.

15. Plaintiff received a letter from WFHM dated March 13, 2007 which stated that in order to avoid foreclosure the sum of $1,773.43 had to be paid by March 20, 2007 and the sum of $10,087.41 paid by April 1, 2007.  The letter further required that plaintiff sign an enclosed "Forbearance Agreement" containing terms additional to and different from those set forth in the previous agreement.

16. On March 20, 2007, plaintiff called WFHM and authorized it to debit his bank account in the amount of $1,773.43 by means of an electronic check.  Plaintiff provided all necessary information and received a confirmation number for the transaction.

17. Plaintiff received a letter from WFHM dated April 9, 2007.  This letter stated, in part, that "[u]nless the payments on your loan can be brought current by May 9, 2007, it will become necessary to accelerate your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust."  It continued: "Your failure to pay this delinquency, plus additional payments and fees that may become due, will result in the acceleration of your Mortgage Note.  Once acceleration has occurred, a foreclosure action, or any other remedy permitted under the terms of your Mortgage or Deed of Trust, may be initiated."  The letter further stated that the total delinquency as of April 9, 2007 was $15,674.44.

18. Unbeknownst to plaintiff, and contrary to the language in its April 9 letter, WFHM - acting as agent for WAMU - had ordered and/or authorized a foreclosure auction sale of the property to take place on April 9, 2007.

19. On May 2, 2007, not being aware that a foreclosure sale had occurred, plaintiff entered into a purchase and sale agreement to sell the property to Brox Industries, Inc. for the sum of $445,000.   At that time, plaintiff had equity in the property of approximately $100,000.

20. Plaintiff subsequently received a letter from counsel for WAMU and/or WFHM dated May 9, 2007 notifying him that a foreclosure sale had occurred on April 9, 2007, that the purchaser was Federal Home Loan Mortgage Corporation ("FHLMC"), and demanding that he vacate the property within 72 hours.

21. FHLMC commenced a summary process action in the Lowell District Court. Pursuant to same, plaintiff appeared at the court for a hearing on June 7, 2007. At that time, plaintiff explained to FHLMC's counsel the steps he had taken to avoid foreclosure and that he had been surprised to learn that a foreclosure sale had taken place. The attorney provided plaintiff with a contact number for WFHM. The parties agreed to continue the hearing to June 28.

22. On or about June 11, 2007, plaintiff called WFHM in an attempt to clarify why the foreclosure had gone forward even though he had complied with all the terms of the forbearance agreement. He was told that the electronic payment which he thought he had made on March 20 had not been credited because someone had "entered the wrong account number." Plaintiff had never been notified that this payment had not been processed or that there had been any problem with same.

23. Having learned that his property had been foreclosed on, plaintiff withdrew from the purchase and sale agreement on his home and refunded the buyer's deposit.

24. On June 28, the eviction proceeding was continued again by agreement to July 26. On July 26, plaintiff agreed to vacate the premises by September 9, and did so.

25. WAMU lacked proper and legal authority to foreclose the mortgage, since according to the assignment on record WAMU did not acquire any interest in the mortgage (or the note which it secured) until April 30, 2007, at the earliest. Accordingly, WFHM – acting on behalf of WAMU – acted unlawfully in attempting to collect monies from plaintiff, in

5

having a Land Court complaint filed against plaintiff, in entering upon the property in order to foreclose and other purposes, in selling the property at auction, in assigning WAMU's bid, and in executing a foreclosure deed.

## COUNT I

### (Negligence)

26. The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27. Defendants breached the duty of care owed to plaintiff to properly credit payments made by plaintiff pursuant to the forbearance agreement.

28. As a result of defendants' negligence, plaintiff lost his home to foreclosure and all equity therein, incurred financial loss, and suffered severe emotional distress and mental anguish.

WHEREFORE, plaintiff prays for a judgment against defendants, jointly and severally, awarding him monetary damages, interest, and costs of suit.

## COUNT II

### (Wrongful Foreclosure)

29. The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

30. Defendants wrongfully ordered, authorized, commenced, pursued, aided and/or abetted the foreclosure on plaintiff's home in violation of Massachusetts law because: (a) plaintiff had complied with all material terms of the forbearance agreement; and (b) the foreclosing entity for which defendants were the servicing agent, WAMU, lacked authority to foreclose, and defendants knew or should have known of said lack of authority.

31. As a result of the above-described misconduct, plaintiff lost his home to foreclosure and all equity therein, incurred financial loss, and suffered severe emotional distress and mental anguish.

WHEREFORE, plaintiff prays for a judgment against defendants, jointly and severally, awarding him monetary damages, interest, and costs of suit.

## COUNT III

### (Violations of G.L. c. 93A)

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. At all relevant times defendants were engaged in trade or commerce in Massachusetts

34. Defendants committed unfair and/or deceptive acts and practices in violation of G.L. c. 93A by: (i) failing to properly credit plaintiff's payment of March 20, 2007, or – if the payment was not processed due to incorrect account information or similar issue - by failing to promptly notify plaintiff so the problem could be rectified; (ii) failing to honor the forbearance agreement; (iii) conveying incorrect and misleading information to plaintiff regarding the status of the loan at various points in time and the steps which were necessary to avoid foreclosure; and (iv) ordering, authorizing, commencing, pursuing, aiding and/or abetting foreclosure proceedings even though the foreclosing entity for which defendants were the servicing agent(s), WAMU, lacked authority to foreclose.

35. The above-described violations of G.L. c. 93A were willful or knowing in nature.

36. As a result of the above-described misconduct, plaintiff lost his home to foreclosure and all equity therein, incurred financial loss, and suffered severe emotional distress and mental anguish.

37. By letter dated April 10, 2009, plaintiff – through counsel – served defendants with demands for relief pursuant to section 9 of G.L. c. 93A, which demands reasonably described the unfair and/or deceptive acts complained of and injuries suffered.

38. Plaintiff's demands were received by defendants.

39. Defendants failed to make reasonable written tenders of settlement within 30 days of receipt of plaintiff's demands. Said failures were in bad faith with knowledge or reason to know that defendants' conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for a judgment against defendants, jointly and severally, awarding him actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

MICHAEL D. VISBECK
By his attorney:

*/s/Kenneth D. Quat*
BBO#408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
ken@quatlaw.com